```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

CHRISTINE RIDGEWAY,

                Plaintiff,          Civil No. 16-1188 (NLH/KMW)
      v.
                                               **OPINION**
AR RESOURCES, INC.,

                Defendant.
_____
```

**APPEARANCES:**

RC LAW GROUP, PLLC
By:  Yaakov Saks, Esq.
285 Passaic Street
Hackensack, New Jersey 07601
        Counsel for Plaintiff

HIGH SWARTZ, LLP
By:  Mark Fischer, Jr., Esq.
40 East Airy Street
Norristown, Pennsylvania 19404
        Counsel for Defendant


**HILLMAN, District Judge:**

   This is a Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., suit.[1]  Plaintiff Ridgeway asserts that she disputed a debt with Defendant AR Resources, Inc., a debt collector, but AR Resources failed to identify the debt as disputed or delete the debt.

---

[1] The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

AR Resources moves for summary judgment on the one-count complaint. For the reasons stated herein, the Motion will be denied in part and denied without prejudice in part.

**I.**

In October, 2015, Defendant AR Resources received a one-page letter by fax, with no coversheet. (Fischer, Jr., Cert. Ex. B) At the top of the page, the letter states that it is "FROM:" Plaintiff Christine Ridgeway, and bears Ridgeway's home address in New Jersey. (Id.) No other sender is identified, although the fax header printed on the letter bears a fax number with an area code of 414, and the time stamp is in Mountain Daylight Time.[2] The letter goes on to identify the debt at issue by name on the account (Christine Ridgeway), the last four digits of Ridgeway's social security number, Ridgeway's date of birth, the creditor, and the balance of the debt. (Id.) The remainder of the letter appears to be a boilerplate form stating, among other things, "I dispute this debt." (Id.) The letter bears the electronic "/s/" signature of Christine Ridgeway. (Id.)

Ridgeway testified at her deposition that she did not draft the letter. (Ridgeway Dep. p. 6) A "credit repair agency," Collection Shield 360 ("CS360"), wrote the letter after Ridgeway

---

[2] The parties do not dispute that 414 is the area code for Milwaukee, Wisconsin. (Plaintiff's response to Defendant's Statement of Undisputed Facts ¶ 10)

called the company. (Id. at p. 6-7)  Ridgeway testified that she specifically asked CS360 to dispute the AR Resources debt. (Id. at p. 8, 16)

The summary judgment record contains a one-page "Collection Shield Service Agreement" electronically signed by both CS360 and Ridgeway. (Fischer, Jr., Cert. Ex. B)  The agreement states in relevant part, "I, Christine Ridgeway, hereby authorize, [CS360], to make, receive, sign, endorse, execute, acknowledge, deliver, and process such applications, correspondence, contracts, or agreements to credit reporting agencies and creditors/collection agencies as necessary to improve my credit." (Id.)  The agreement is undated. (Id.)

## II.

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing

substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)(citing *Anderson*, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); *see also Singletary v. Pa. Dept. of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case' when

the nonmoving party bears the ultimate burden of proof.")(citing *Celotex*, 477 U.S. at 325).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s.]'" *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). For "the non-moving party[ ] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Cooper v. Sniezek*, 418 F. App'x 56, 58 (3d Cir. 2011)(citing *Celotex*, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 257.

### III.

AR Resources makes two arguments in support of its motion. First, it argues that Ridgeway cannot demonstrate that she validly disputed the debt, therefore AR Resources cannot be liable for allegedly failing to mark the debt as disputed.

Second, AR Resources alternatively argues that even if summary judgment is denied on the merits of Ridgeway's FDCPA

claim, her claim for attorney's fees under the statute must be dismissed because the agreement between Ridgeway and her attorney "was illegal and invalid" because it allegedly violated New York law and the Rules of Professional Conduct.[3]

The Court is aware that a judge of the United States District Court for the Southern District of New York recently ruled in favor of Defendants in a case that, the parties agree, is almost identical to this case. *See Taylor-Burns v. AR Resources, Inc.*, 2017 WL 3034353 (S.D.N.Y. July 14, 2017). However, for the reasons set forth herein, the undersigned respectfully disagrees with the *Taylor-Burns* court's analysis.

### A.

AR Resources argues that the agreement between Ridgeway and CS360: (1) fails to comply with the Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq., and therefore, AR Resources maintains, (2) the dispute letter CS360 sent to AR Resources on Ridgeway's behalf was legally invalid, and therefore, (3) "CS360 had no authority to send the letter on Ridgeway's behalf." (Moving Brief p. 6)

Indeed, this is exactly what the *Taylor-Burns* court held, without explanation: "The lack of a CROA-compliant contract between CS360 and Plaintiff - and therefore the lack of a valid

---

[3] The fee agreement is governed by New York law.

contract between CS360 and Plaintiff - means that CS360 had no authority to send the Letter on Plaintiff's behalf." *Taylor-Burns*, 2017 WL 3034353, at *4.

In the undersigned's view, however, even if (1) the Ridgeway-CS360 Agreement violates the CROA, and even if (2) that violation of law invalidates the Agreement (both issues the undersigned need not, and does not, decide), it does not follow that (3) CS360 had no authority to send the letter on Ridgeway's behalf.

As Ridgeway persuasively argues, issues of material fact exist as to whether CS360 had actual or apparent authority to send the dispute letter. The basic law of agency is clear: the agent and principal need not have a written contract at all to create an agency relationship. "An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent. There need not be an agreement between parties specifying an agency relationship; rather, the law will look at their conduct." *Sears Mortg. Corp. v. Rose*, 134 N.J. 326, 337 (1993)(internal citations and quotations omitted); *see also* Restatement (Second) of Agency § 15 (1958)("An agency relation exists only if there has been a manifestation by the principal to the agent that the agent may act on his account, and consent by the agent so to act.").

A reasonable factfinder could find on this record that CS360 had authority to act on Ridgeway's behalf, and therefore Ridgeway, through her agent, CS360, disputed the debt at issue even if Ridgeway and CS360 did not have a CROA-compliant contract. Independent from the disputed written agreement, Ridgeway testified that she called CS360 and asked them to dispute the debt at issue, and in response, CS360 faxed the above-quoted correspondence.[4]

Our review of the CROA as a whole confirms our interpretation. It is clear from the statute's "findings and purposes" section that Congress was motivated by what it saw as a need to protect consumers from unfair and deceptive practices by credit reporting agencies. 15 U.S.C. § 1679(b). Accordingly,

---

[4] We share Defendant's concerns about what appear to be significant discrepancies between Plaintiff's affidavit and her deposition testimony regarding her communications with CS360. We reject Defendant's claim, however, that the proffered versions are so wildly divergent as to make Plaintiff's affidavit a sham designed solely to defeat summary judgment. *See Baer v. Chase,* 392 F.3d 609, 624 (3d Cir. 2004)(noting that "summary judgment [is] improper even though party's testimony was 'not a paradigm of cogency or persuasiveness,' [if the testimony is] not a 'transparent sham.'")(quoting *Choudhry v. Jenkins,* 559 F.2d 1085, 1090 (7th Cir. 1977)). We note that by whatever communication method Plaintiff used to contact CS360 or the lawyers associated with it, she has stated consistently in this case that she authorized CS360's communications with the defendant. Defendant is free, of course, to use any conflicts in her testimony, and any other valid attacks on her credibility, in an attempt to persuade the factfinder as to the non-existence or scope of any alleged agency relationship between Plaintiff and CS360.

the statute sets forth detailed requirements for the contents of contracts between such agencies and consumers, 15 U.S.C. § 1679d, and as Defendant has noted, makes such contracts void and unenforceable. 15 U.S.C. § 1679f.

However, we view these sections as voiding such contracts as between the parties to such agreements, i.e., the consumer and the credit agency, not provisions intended to shield third party debt collectors from conduct that may violate another consumer protection law. It truly would be ironic to deny a plaintiff the protections of the FDCPA because she had been a victim of the CROA. Here, as we have noted, Plaintiff makes no complaint of CS360 under the CROA. To the contrary, she insists they acted with her knowledge and approval. She alone – not Defendant – has standing to void any contract she may have with CS360 under the CROA.[5]

AR Resources' Motion for Summary Judgment on the FDCPA claim will be denied.

**B.**

---

[5] The CROA does have some provisions that protect third parties from certain misleading conduct, directly or indirectly, by a credit reporting agency. *See* 15 U.S.C. § 1679b. However, Defendant makes no allegation that CS360, a non-party in this action, violated those provisions much less that such conduct, even if it occurred, bars Plaintiff's claims in this case.

As to AR Resources' Motion for Summary Judgment on the claim for statutory attorneys' fees, Ridgeway asks this Court to defer ruling on the issue at this stage of the case. Ridgeway suggests that the Court may rule on her entitlement to attorneys' fees upon a fully briefed application for fees if the Court, as factfinder[6], finds liability in her favor. (Opposition Brief, p. 9-10)

AR Resources responds that "this Court may address on summary judgment ARR's request to strike attorneys' fees as a [sic] element of damages." (Reply Brief, p. 5)

While the Court may certainly decide the issue now, it is not obligated to do so at this stage of the proceedings. Ridgeway's entitlement to attorneys' fees is dependent on a finding of liability on her FDCPA claim; a finding which has not yet occurred. The Court exercises its discretion to defer decision on the attorneys' fees issue unless and until liability is established. The parties can be assured that any award of attorney's fee will comply with both the statute and all applicable Rules of Professional Conduct and that lawyers acting outside such rules act at their peril.

AR Resources' Motion for Summary Judgment on the claim for attorneys' fees will be denied without prejudice.

---

[6] Neither party has filed a jury demand in this suit.

## IV.

For the reasons stated above, Defendant's Motion for Summary Judgment will be denied in part and denied without prejudice in part. An appropriate order accompanies this opinion.

Dated: August 30, 2017  　　　　　　　__s/ Noel L. Hillman___
At Camden, New Jersey　　　　　　　NOEL L. HILLMAN, U.S.D.J.